[Civ. No. 4117.  Second Appellate District, Division One.—October 29, 1924.]

## F. W. ATHERTON, Respondent, v. MARY W. ROYCE, Appellant.

[1] VENDOR AND VENDEE—PAYMENTS TO TITLE COMPANY—AGENCY.— Where the contract for the sale of real property makes no provision for the payment of the purchase money to a title company, but following the execution of such contract the vendor signs written escrow instructions appointing a title company her agent for the purpose of receiving such money, the receipt of such money by the title company, the agent of the vendor, is a receipt thereof by the vendor.

[2] ID.—TIME OF PAYMENT—CONSTRUCTION OF CONTRACT.—The contract of sale having provided for the payment by the vendee of a certain sum of money "at the time of going into escrow," such phrase had reference to the going into escrow of the papers specified in the contract of sale, and not to the time the vendor gave her written escrow instructions (which were not signed by the vendee, or called for by the contract of sale, and of which the vendee apparently had no knowledge); and where the vendee deposited the designated sum with the vendor's agent within the time prescribed by the contract of sale, she fully complied with the terms of the contract on her part to be performed.

[3] BROKER'S COMMISSIONS — AGREEMENT TO PAY OUT OF PURCHASE MONEY—FAILURE OF VENDOR TO PERFORM.—Plaintiff having produced a purchaser who was ready, willing, and able to buy, and who had entered into a written contract to buy upon terms satisfactory to defendant, and defendant having agreed in writing to pay plaintiff a specified sum "as commission for negotiating the sale, to be retained out of the first money received on the purchase price," and the purchaser having fully complied with the terms of the contract on her part to be performed and having deposited with the title company (defendant's agent) a sum more than sufficient to pay plaintiff's commission, plaintiff's right to the agreed commission was not defeated by the fact that the sale was not consummated and that the money deposited with defendant's agent was thereafter returned to the purchaser by reason of the default of defendant in complying with the terms of her contract of sale.

---

(1) 39 **Cyc.**, p. 1601.   (2) 39 **Cyc.**, p. 1596.   (3) 9 **C. J.**, p. 631, sec. 105.

APPEAL from a judgment of the Superior Court of Los Angeles County. Bertin A. Weyl, Judge. Affirmed.

The facts are stated in the opinion of the court.

Turner & Grainger for Appellant.

Albert E. Dunning for Respondent.

---

3. Where broker entitled to commissions, notes, 28 **Am. St. Rep.** 546; 139 **Am. St. Rep.** 225.

Right of broker to compensation where sale defeated by act of owner, notes, 2 **Ann. Cas.** 184; 20 **Ann. Cas.** 1024.

Right of broker to commissions as affected by negligence, fraud or default of principal, and a defective title, note, 43 **L. R. A.** 593. See, also, 4 **R. C. L.** 310; 4 **Cal. Jur.** 597.

CURTIS, J.—Plaintiff, a duly licensed real estate broker, procured for defendant one Sophie Lev to purchase certain real property, situated in the city of Los Angeles and owned by defendant, and as a result of plaintiff's efforts defendant, on the eighteenth day of April, 1921, entered into a contract of sale with the said Sophie Lev, whereby she agreed to sell, and said Sophie Lev agreed to buy, said real property for the sum of $9,000, payable $3,000 cash (including the amount of $50 paid at the time of the execution of said contract) upon the execution of deed; balance by assumption by grantee of mortgage for $1,300, then on the property, and a trust deed securing balance of purchase price. This contract was signed by both parties thereto, and appended to it was a further agreement, signed by the defendant, reading as follows: "I further agree to pay F. W. Atherton the sum of $450 as commission for negotiating the sale, to be retained out of the first money received on the purchase price." Two days thereafter, that is, on April 20, 1921, defendant signed certain escrow instructions and delivered the same to the Title Insurance & Trust Company, in which she stated that she would hand to said title company a deed to the real property sold, in favor of said Sophie Lev, and authorized said title company to deliver said deed to the said Sophie Lev on or before the 20th of May, 1921, on said Sophie Lev paying to said title company for the defendant the sum of $2,950. The title company was also instructed by defendant to procure from the purchaser a note for $3,500 secured by a mortgage on said real property, and also a note for $2,500 secured by a trust deed on the same property. It was further stated in said instructions that the full purchase price was $9,000; cash, $3,000, $50 of which had been paid. On or about May 15, 1921, Sophie Lev asked defendant when her deed would be ready, and the latter replied that on account of her husband objecting to the sale, that she had come to the conclusion that she did not want to sell, and that she would not put any deed in escrow. On May 19, 1921, Sophie Lev paid to the title company $2,750 and on the following day the further sum of $200. She also deposited with said title company a trust deed securing the balance of the purchase price as called for by the contract

of April 18, 1921. The defendant never deposited with the title company, nor tendered to Sophie Lev, any deed to the real property which she had agreed to sell. Some time after May 20, 1921, the defendant having failed to either put a deed in escrow, or tender one to the said Sophie Lev, the latter withdrew the $2,950 deposited by her in escrow with the title company, and demanded of plaintiff the return of the $50 paid him at the time of the agreement of sale, and this amount was returned to her by plaintiff. Plaintiff then instituted this action to recover of defendant the sum of $450 as commission for negotiating said sale. On the trial of said action the court gave judgment in favor of the plaintiff. Defendant appeals.

[1] Appellant contends that under her agreement with plaintiff she was only liable for the payment of the commission out of money received by her on the purchase price, and that, as she received no money on the purchase price, she is not liable for the payment of any commission. The evidence shows, however, that there was paid to the title company under appellant's instructions, the sum of $2,950 on account of the purchase price. The contract of April 18, 1921, made no provision for the payment of this money to the title company, but following the execution thereof the appellant, by her written instructions, appointed the title company her agent, for the purpose of receiving said money. Therefore the receipt of this money by the title company, the agent of appellant, was a receipt thereof by the appellant.

[2] Appellant further contends that she was not in default, in failing to execute and deliver her deed, for the reason that the purchaser had not complied with the contract of April 18, 1921, in that she had failed to pay the sum of $200 at the time the appellant deposited with the title company her escrow instructions. The contract of April 18, 1921, made no express provision for the placing of any papers in escrow. There were three references made in the contract to an escrow, one, providing that the "buyer pays $200 at the time of going into escrow." Of the two other references, one provided that the insurance was to be prorated to, and the other that the interest was to begin at, "date of closing escrow." Appellant insists that "at the

time of going into escrow'' refers to the time that she signed and delivered her escrow instructions to the title company, although there were no other papers placed in escrow at that time. In this contention we are not able to agree with appellant. ''At the time of going into escrow'' evidently referred to the time when the papers called for under the contract were deposited with the escrow-holder. The mere signing by the appellant alone of certain instructions and leaving them with the title company cannot be construed as the beginning of the escrow under the contract. Nothing was said in the contract about the title company acting as the escrow-holder. The instructions, signed by the appellant, were not signed by the purchaser, and there is nothing in the evidence to show that the purchaser knew of the signing and deposit of said instructions with the title company until she paid to it, on May 19, 1921, the sum of $2,750, and deposited with it her trust deed. This was a compliance on her part with the contract requiring that the ''buyer pay $200 at the time of going into escrow.'' Having deposited the balance of the $2,950 on the day following, and within the time provided for its payment in the contract, the purchaser fully complied with the terms of the contract on her part to be performed. Under this state of facts it was the appellant and not the purchaser who was in default in failing to carry out the terms of the contract of April 18, 1921.

[3] The respondent had performed all required of him when he procured a purchaser who was ready, willing and able to purchase appellant's property upon terms acceptable to her. The payment of the commission, however, depended upon the further condition that appellant should receive on the purchase price an amount equal at least to the commission to be paid respondent. We have already seen that an amount, largely in excess of that claimed as commission, was paid to the title company for plaintiff under her instructions, and we have held that such payment was, in law, made to appellant. The fact that appellant failed to comply either with her contract of April 18, 1921, or with her instructions to the title company, and that by reason of such failure on appellant's part, the title company was compelled to return

the amount so paid to the purchaser, cannot defeat respondent's claim against appellant for his commission.

Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 26, 1924.